**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **GARY DEAN MILNE** | § | |
| | § | |
| **V.** | § | **A-12-CA-375-SS** |
| | § | |
| **RICK THALER,  Director, Texas Dept.** | § | |
| **of Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss (Document 10); and Petitioner's response thereto (Document 11).  Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner Milne pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas.  Petitioner Milne was convicted of tampering with physical evidence, enhanced by two prior felony convictions.

Petitioner Milne was sentenced to 52 years in prison on January 31, 2008.  Petitioner Milne's conviction was affirmed on April 23, 2010.  Milne v. State, No. 03-08-00113-CR, 2010 WL 1632626 (Tex. App. – Austin 2010, pet. ref'd).  Petitioner Milne's petition for discretionary review was refused on October 6, 2010.  Milne v. State, PD No. 0540-10.

Petitioner Milne also challenged his conviction in a state application for habeas corpus relief filed on December 29, 2011.  The Texas Court of Criminal Appeals denied it without written order on the findings of the trial court without a hearing on April 11, 2012.  Ex parte Milne, Appl. No. 77,310-01 at cover.  On April 20, 2012, Petitioner Milne filed a motion to reconsider his application for writ of habeas corpus.  On May 14, 2012, the Court of Criminal Appeals determined no action would be taken on the motion, finding the motion did not comply with Rule 79.2(d).

**B.    Petitioner's Grounds for Relief**

Petitioner Milne raises the following grounds for relief:

1.    He received ineffective assistance of trial counsel; and

2.    He received ineffective assistance of appellate counsel.

## II.   DISCUSSION AND ANALYSIS

**A.    Statute of Limitations**

Respondent moves to dismiss Petitioner Milne's application as time-barred.   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.    Application**

The parties agree Petitioner Milne's conviction became final, at the latest, on January 4, 2011, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court.  See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").  Petitioner Milne's state application for habeas corpus relief was filed on December 29, 2011.  Ex parte Milne, Appl. No. 77,310-01 at 40.  At that time only six days remained of the one-year limitations period.  The Texas Court of Criminal Appeals denied the application on April 11, 2012.  Therefore, Petitioner Milne had until April 17, 2012, to timely file

his federal application. Petitioner Milne indicates he placed his federal application in the prison mail on April 19, 2012, two days after the limitations period expired.[1]

Petitioner Milne's motion to reconsider filed with the Texas Court of Criminal Appeals did not operate to toll the limitations period. The federal limitations period is tolled for "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" § 2244(d)(2). Texas law provides that "A motion for rehearing an order that denied habeas corpus relief ... may not be filed." Tex. R. App. P. 79.2(d) (West 2003). However, the Court of Criminal Appeals "has entertained motions for reconsideration, notwithstanding the language in ... Rule 79.2(d)." Emerson v. Johnson, 243 F.3d 931, 934 (5th Cir. 2001). When a motion for rehearing is properly filed within the § 2244(d) limitations period, that period is tolled from the date of the habeas denial, as if the motion for rehearing is a further step in the state habeas process. Lookingbill v. Cockrell, 293 F.3d 256, 261 (5th Cir. 2002); Emerson, 243 F.3d at 935; see Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001) (the intervals between disposition of state habeas application and timely filing of an application for review at the next level are not counted); Gordon v. Dretke, 107 Fed. App'x 404, 406 (5th Cir. 2004) (noting that a motion to reconsider denial of state habeas application was filed after the expiration of the § 2244(d) limitations period, distinguishing case from Emerson and Lookingbill ). The limitations period is

---

[1] Respondent suggests Petitioner Milne's federal application was not placed in the prison mail system until April 23, 2012 or April 25, 2012. Respondent relies upon the prison mail log, showing Petitioner Milne mailed something to the Court on both days. As explained multiple times to Respondent in other habeas corpus actions, the mail log simply shows the date the employees in the mail room mailed the prisoners' mail. The mail logs do not accurately reflect the day the prisoners placed their mail in the prison mail system. Accordingly, the Court considers Petitioner Milne's application filed as of April 19, 2012.

tolled "only as long as the Texas courts take to resolve the motion or suggestion for reconsideration."
Emerson, 243 F.3d at 935.

Petitioner Milne has not demonstrated his motion was properly filed. Moreover, Petitioner Milne filed his motion for reconsideration on April 20, 2012, after the limitations period had already expired. Even if Petitioner Milne's motion was properly filed, he cannot revive an already expired limitations period by filing a motion for reconsideration with the Texas Court of Criminal Appeals. Gordon, 107 Fed. App'x at 406; see also Wilson v. Dretke, No. 3:04-CV-0933-R, 2005 WL 3534221 (N.D. Tex. Nov. 30, 2005) (holding the petitioner's motion for reconsideration did not toll the limitations period because it was filed after the limitations period had already expired).[2]

In response to Respondent's Motion to Dismiss Petitioner Milne contends his state application for habeas corpus relief was filed on December 21, 2011, the date the Travis County District Clerk received his application in the mail, not December 29, 2011, the date the Travis County District Clerk filed the application.[3] Alternatively, Petitioner Milne contends the limitations period should be tolled from December 21 to December 29, 2011. If Petitioner Milne's state application is considered filed as of December 21, 2011, or the limitations period is tolled, as requested by Petitioner Milne, his federal application would be timely filed.

Unfortunately, the Court can grant neither request. The Fifth Circuit recently explained in an unpublished opinion:

---

[2] The Fifth Circuit denied Wilson a certificate of appealability on February 2, 2006, and the Supreme Court denied Wilson's petition for writ of certiorari on October 1, 2007. Wilson v. Quarterman, No. 06-10508 (5th Cir. 2006), cert. denied, 128 S. Ct. 62 (2007).

[3] Petitioner Milne provides the Court with the certified mail return receipt or "green card," showing the receipt of his mail on December 21, 2011.

The Supreme Court has stated that an "application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000); see id. ("A paper is filed when it is delivered to the proper official and by him received and filed.") (emphasis added) (citation and internal quotation marks omitted). The Court stated that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. (emphasis in original). McNac has provided no support for his position that the delivery, alone, of a state postconviction application to the clerk's office renders that application "filed" within the meaning of § 2244(d)(2). Indeed, the language of Artuz itself indicates that the mere delivery of an application is not sufficient for filing; instead, the appropriate court officer must receive the application and file it. Id.

McNac v. Thaler, No. 10-10701, 2012 WL 2735337, *5 (5th Cir. July 9, 2012).[4] Accordingly, Petitioner Milne's state application is considered filed as of December 29, 2011, when his application was file-marked and placed in the official record.

Petitioner Milne also is not entitled to statutory tolling. Petitioner Milne has not alleged or provided the Court with any evidence that the delay in filing his application by the Travis County District Clerk's Office rises to the level of a constitutional deprivation of due process as in Critchley v. Thaler, 586 F.3d 318 (5th Cir. 2009). As explained by the court in McNac:

In Critchley, we held that the "state court's failure to process [Critchley's] application and others filed by Critchley, coupled with its apparent failure to process petitions filed by other prisoners constitutes a state-created impediment under § 2244(d)(1)(B)." 586 F.3d at 320 (emphasis added). Thus, the record evidence in Critchley that the Hays County District Court clerk's office had an "apparent practice of mishandling prisoner filings" was crucial to its holding that there was a constitutional deprivation of due process and a state-created impediment. Id. at 319. In the instant case, however, McNac has failed to present any evidence that the Dallas County District Court clerk's office routinely fails to file prisoners' applications.

---

[4] The Court recognizes unpublished decisions are not precedent. However, the Court finds this unpublished decision persuasive and instructive.

Id. at *3 (citing <u>Wickware v. Thaler</u>, 404 F. App'x 856, 862 (5th Cir. 2010) (stating that <u>Critchley</u> "involved a complete absence of due process in the form of the repeated failure of a district clerk to comply with a ministerial duty to file")).  Like McNac, Petitioner Milne has not presented any evidence that the Travis County District clerk's office routinely fails to file prisoners' applications.  Moreover, this Court is not aware of any apparent practice of mishandling prisoner filings in Travis County.

In addition, similar to the petitioner in <u>McNac</u>, Petitioner Milne has not demonstrated the clerk's office delay in filing his state postconviction application <u>prevented</u> him from timely filing his federal habeas petition.  As explained in <u>McNac</u>,

> In <u>Critchley</u>, the prisoner attempted to file his state postconviction application in the Hays County District Court clerk's office in July 2003, with the AEDPA limitations period expiring in September 2003. 586 F.3d at 319.  However, the clerk's office failed to process that application, as well as his second application, until the clerk's office finally filed his third application in April 2005. Id.  The clerk's office's failure to file Critchley's state postconviction application within the one-year statute of limitations caused the AEDPA limitations period to expire. Id. at 319–20. Thus, the Hays County District Court clerk's office directly prevented Critchley from filing a timely federal habeas petition.

Id. at *4.  In contrast, McNac's application was filed within the one-year statute of limitations period. id.  McNac learned that his state postconviction application was filed late on January 8, 2008, and McNac had approximately four months (128 days) after that application was denied in which to file a timely § 2254 petition.  Id.  However, McNac waited 131 days to file his federal habeas petition. Id.  The Fifth Circuit concluded, unlike in <u>Critchley</u>, the clerk's office's delay in filing McNac's application did not prevent McNac from timely filing a federal habeas petition.  Id.  Here, Petitioner Milne's application was also filed within the limitations period.  As explained above, Petitioner

Milne had six day remaining of the one-year limitations period when his state application was filed. Rather than timely filing his federal application, Petitioner Milne filed his application two days late.

Petitioner Milne asserts in his response that he relied on the green card to determine his deadline for filing his federal application. Petitioner Milne's statement is creative but not credible. As is standard in Travis County, the District Clerk's Office mailed to Petitioner Milne a letter clearly stating his application was filed on December 29, 2011. Ex parte Milne, Appl. No. 77,310-01 at 56.

Petitioner Milne is also not entitled to equitable tolling. "[E]quity is not intended for those who sleep on their rights." Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006)). To establish his entitlement to equitable tolling, a petitioner must "sho[w] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, —— U.S. ——, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). The diligence required is "reasonable diligence," not "maximum feasible diligence." Id. at 2565. Only "extraordinary" cases justify the invocation of equitable tolling, id. at 2564, but "the statute of limitations must not be applied too harshly" because "dismissing a first § 2255 motion or habeas petition is a particularly serious matter." United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002).

Petitioner Milne waited until December 15, 2011, to mail his state application to the Travis County District Clerk. At that time, only twenty days remained of the one-year limitations period. Petitioner Milne provides no explanation as to why he waited until the end of the one-year limitations period before attempting to file a state application for habeas corpus relief. Because Petitioner Milne failed to exercise due diligence, he is not entitled to equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (holding that petitioner who filed his application for

8

state relief two days before the AEDPA statute of limitations ran, and then filed his federal habeas petition seventeen days after the AEDPA statute of limitations ran, did not exercise due diligence, even though he did not know of AEDPA's statute of limitations until forty-three days after the limitations period started to run).

The record does not reflect that any unconstitutional state action impeded Petitioner Milne from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner Milne has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III. RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner Milne's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court

rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of September, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE